UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 08-508-KSF

STEPHEN DUSTIN WATSON                                                                                    PLAINTIFF

v.                                           **OPINION & ORDER**

FORD MOTOR COMPANY                                                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the defendant, Ford Motor Company ("Defendant"), for summary judgment. The plaintiff, Stephen Dustin Watson ("Plaintiff"), has not responded to the Motion and the time for doing so has expired. Thus, this matter is ripe for review. The Court, having reviewed the record and being otherwise sufficiently advised, will grant Defendant's motion for summary judgment.

I.      **Factual Background**

This case involves a single-vehicle accident where Plaintiff was a passenger in a 2000 Ford F-150. In his Complaint, Plaintiff alleges that Defendant is strictly liable to him because the vehicle and its restraint system is defective and unreasonably dangerous. Plaintiff also alleges breach of warranty. Plaintiff filed his action *pro se* in the Scott Circuit Court.[1] Defendant removed the case to this Court and filed its Answer. The Scheduling Order, as amended, required Plaintiff's disclosure of experts by October 1, 2009. Defendant reports that Plaintiff has not taken any discovery, has not

---

[1] Plaintiff has been represented by counsel since approximately May, 2009. Richard M. Rawdon, Jr., is currently Plaintiff's attorney of record.

taken or requested any depositions and has not provided any expert disclosures or reports. Plaintiff has not filed a motion for an extension of time to identify experts.

**II.     Standard of Law**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**III.    Analysis**

In his Complaint, Plaintiff alleges that Defendant is responsible for his injuries due to a design defect and/or manufacturing defect with its vehicle and that the vehicle was defective as to warnings. Defendant argues that summary judgment is appropriate because Plaintiff cannot support his allegation that his injuries resulted from defects in the vehicle because Plaintiff has not identified any expert witnesses to testify on his behalf. As Defendant' notes, "Expert witnesses are generally necessary, indeed essential, in products liability cases, as they are in medical malpractice actions, to prove such matters as a product defect and proximate causation, unless of course the nature of the defect and resultant injuries are so obvious to fall within the general knowledge of the ordinary person." William S. Haynes, Kentucky Jurisprudence: Torts § 21-28 (1987). Plaintiff has not presented any evidence to support his claims and the Court finds that summary judgment on the products liability claims is appropriate. Plaintiff also alleges a claim for breach of warranty. Since Plaintiff was not in privity of contract with Ford and has not presented any evidence that he meets one of the exceptions identified in KRS 355.2-318, any breach of warranty claim fails as a matter of law. *Williams v. Fulmer*, 695 S.W.2d 411 (Ky. 1985).

**IV.     Conclusion**

Accordingly, **IT IS ORDERED**, that Defendant's Motion for Summary Judgment [DE18] is **GRANTED** and Judgment shall be entered contemporaneously herewith.

**IT IS FURTHER ORDERED** that the pretrial conference and trial scheduled for May 20, 2010 and June 15, 2010, respectively, are **SET ASIDE**.

This 15th day of December, 2009.

Signed By:

*Karl S. Forester*  KSF

**United States Senior Judge**